The Honorable Brent Haltom Prosecuting Attorney Miller County Courthouse Texarkana, AR 75502
Dear Mr. Haltom:
This is in response to your request for an opinion on the following question regarding the authority of environmental officers under Act 722 of 1991:
 Does an environmental control officer, who has satisfactorily completed the training course for law enforcement officers at the Law Enforcement Training Academy, have legal authority to make arrests and issue citations for violations of law other than
violations of county ordinances concerning environmental protection, or, is the environmental control officer's authority to make arrests and issue citations limited to violations of county ordinances concerning environmental protection? [Emphasis original.]
It appears from the context of your opinion request that this question has surfaced in a case currently pending before a court. The longstanding policy of this office is not to render opinions on matters in litigation. Any attempt to address your question would appear to violate this policy, which is compelled, primarily, by the separation of powers doctrine. See Ark. Const., Art. 4, §§ 1 and 2.
The judicial power of the state is vested in the courts. Ark. Const., Art. 7, § 1. Questions raised in judicial proceedings are properly addressed in that forum, pursuant to the courts' power and duty to interpret the law as enacted by the General Assembly. An opinion from this office would, under such circumstances, constitute little more than an executive comment on matters appropriately within the judicial branch. I can only suggest that the arguments for and against a particular interpretation of Act 722 of 1991 be made to the proper court, which is now entrusted with the decision.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
CCT/WB:ch